UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGINIA M. DAMON TRUST,

       Plaintiff,                      Case No. 5:04-CV-172

v                                              Hon. Gordon J. Quist

WIPFLI, ULLRICH, BERTELSON, LLP,

       Defendant,

and

MACKINAC FINANCIAL CORPORATION,
fka NORTH COUNTRY FINANCIAL
CORPORATION,

       Nominal - Defendant
_____/

**ORDER**

This matter is now before the court on the motion of nominal defendant Mackinac Financial Corporation ("Mackinac"), formerly known as North Country Financial Corporation ("NCF"), for realignment as the plaintiff and for dismissal of the Virginia Damon Trust as a party plaintiff (docket no. 34). This motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

**Background**

This is a shareholder derivative suit filed by the Virginia Damon Trust ("Damon Trust"), a shareholder of Mackinac. Defendant Wipfli, Ullrich, Bertelson, LLP ("Wipfli") provided auditing and internal accounting and financial services to NCF. On August 27, 2004, Damon Trust

filed the present shareholder derivative suit in state court. In its complaint, Damon Trust states that it brought this suit in the right and for the benefit of the nominal defendant, NCF, for injuries of at least $40 million suffered as a direct result of Wipfli's acts and omissions. Compl. at ¶¶ 1, 4.[1] Damon Trust set forth two counts against Wipfli: (I) liability under Michigan's accountant liability act; and (II) liability for contribution and indemnity "for NCF's liability in any securities fraud lawsuit arising out of the material overstatement of NCF's financial results." *Id.* at ¶¶ 44-52.

In support of its standing to bring this shareholder derivative suit, Damon Trust alleged that pursuant to MCL 450.1493a(a), it made a demand on NCF's Board to institute this action on September 17, 2003, but that the board failed to respond within 90 days and "has foregone the opportunity to seek to have a 'disinterested person' appointed pursuant to Michigan law with respect to NCF's claims against [d]efendant." Compl. at ¶ 10.

On the same day that the Damon Trust filed suit, NCF entered into an "Agreement to Toll Statute of Limitations" with Wipfli, giving NCF additional time to evaluate its claims against Wipfli. *See* Exh. 1 attached to Brief in support of Motion for Re-alignment. On October 12, 2004, Wipfli removed the suit to federal court. *See* docket no. 1. Then, on December 9, 2004, the court granted NCF an extension of time to file its answer. *See* docket no. 23.

On January 10, 2005, NCF, now called Mackinac Financial Corporation, the nominal corporate defendant, filed its answer and affirmative defenses. In its answer, Mackinac pointed out that the complaint sought relief from Wipfli rather than Mackinac, that none of the allegations were operative against Mackinac, that it did not oppose the shareholder derivative suit against Wipfli, that

---

[1] The court notes that Damon Trust is a plaintiff in a related shareholder derivative suit in this court against Mackinac's former directors and officers. *See Virginia M. Damon Trust v. North Country Financial Corporation, et al.*, No. 2:03-CV-125.

it was re-capitalized in December 2004 (some four months after the suit was commenced), that new shareholders own approximately 90 percent of the equity interest in the corporation, that there was "a substantial change in the composition of its board of directors," that it was "under new ownership and management," and that it was reviewing the corporation's options with respect to litigating claims against Wipfli. Answer at pp. 1-2. In its affirmative defenses, Mackinac stated that it was the real party in interest to assert the corporation's claims against Wipfli, that is had not failed or refused to assert claims against Wipfli, that it had determined to proceed with claims against Wipfli, that it should be re-aligned as plaintiff and that it should control any litigation against Wipfli. Affirmative Defenses ¶¶ 1-4.[2]

In the Joint Status Report (also filed on January 10, 2005), Mackinac stated that it was under new ownership and management, that "was preparing a plan to proceed directly as to Wipfli" with counsel of its own choosing and that there was no basis for a derivative action. This matter is now before the court on Mackinac's motion seeking re-alignment as a plaintiff to prosecute its claim directly against Wipfli and for dismissal of Damon Trust as plaintiff.

**Discussion**

Shareholder derivative suits are authorized by Fed. Rules Civ. Proc. 23.1, which provides in pertinent part as follows:

> In a derivative action brought by one or more shareholders . . . to enforce a right of a corporation . . . the corporation . . . having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder . . . at the time of the transaction of which the plaintiff

---

[2] The court exercises diversity jurisdiction of this suit pursuant to 28 U.S.C. § 1332. Re-alignment of the parties will not affect the court's jurisdiction, because the parties are citizens of different states: Damon Trust is a citizen of Illinois; Wipfli is a citizen of Wisconsin; and Mackinac is a citizen of Michigan.

3

> complains or that the plaintiff's share . . . thereafter devolved on the plaintiff by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders . . ., and the reasons for the plaintiff's failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders . . . similarly situated in enforcing the right of the corporation . . .

Rule 23.1.

The purpose of a derivative suit "is to afford a means by which a stockholder . . . may seek to vindicate corporate rights that the corporation itself has refused to enforce." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 549 (1949). As a general rule, a shareholder's derivative action belongs to the corporation. *Koster v. Lumbermen's Mutual Casualty Co.*, 330 U.S. 518, 522-23 (1947). The corporation is the real party in interest; the proceeds of the suit belong to the corporation and it is bound by the result of the suit. *Ross v. Bernhard*, 396 U.S. 531, 538 (1970). The shareholder is "at best the nominal plaintiff," *id.*, and "is allowed to act in protection of [the corporation's] interest somewhat as a 'next friend' might do for an individual, because it is disabled from protecting itself." *Koster*, 330 U.S. at 522-23. *See generally*, 67A C.J.S. *Parties* § 7 (June 2005) ("[a] nominal plaintiff is a person in whose name a suit is brought for the use of another").

In resolving a motion for realignment, the "touchstone issue" for the court to decide is whether there is "antagonism" between the plaintiff shareholder and the corporate defendant. *Ferko v. National Association of Stock Car Racing, Inc.*, 216 F.R.D. 392, 393 (E.D. Tex. 2003). In *Smith v. Sperling*, 354 U.S. 91 (1957), the court observed that in determining the issue of proper alignment for purposes of federal diversity jurisdiction, "the proper course is not to try out the issues

presented by the charges of wrongdoing but to determine the issues of antagonism on the face of the pleadings and by the nature of the controversy." *Smith*, 354 U.S. at 96. "Antagonism" exists "whenever the management is aligned against the stockholder and defends a course of conduct which he attacks" or "[w]henever the management refuses to take action to undo a business transaction" or whenever it so solidly approves a business transaction "that any demand to rescind would be futile." *Id.* at 95, 97.

Courts have condoned retaining the corporation as a party defendant only where the corporation was "actively antagonistic" to the shareholder's special interest. *Duffey v. D.C. Wheeler*, 820 F.2d 1161, 1163 (11th Cir. 1987). "In other words, if the management of the corporation is actively aligned against the plaintiff shareholder and his lawsuit, then the shareholder and the corporation are actually on opposing sides of the controversy, and the corporation is properly named as a defendant." *Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir. 1983), *citing Smith*, 354 U.S. at 95. However, because the duty to realign continues throughout the pendency of the suit, a subsequent change in those in control of the corporation may lead to its realignment as a party-plaintiff. *Mertens v. Kaiser Steel Retirement Plan*, 744 F. Supp. 917, 923 (N.D. Cal. 1990). If the corporation chooses to enforce its rights after a shareholder derivative action has been initiated, the corporation is the preferable plaintiff. *Ferko*, 216 F.R.D. at 394. *See Lewis v. Odell*, 503 F.2d 445, 447 (2nd Cir. 1974) (corporation is not antagonistic to shareholder when corporation retained neutrality in its responses to shareholder's complaints and reserved the right to take control of the action).

The pleadings and other papers filed in this suit demonstrate that Mackinac is not antagonistic to Damon Trust. In its answer, affirmative defenses, joint status report and

representations made to this court at the Rule 16 scheduling conference, Mackinac stated that it is under entirely new ownership and management, that it intends to prosecute claims against Wipfli and that it should be aligned as a plaintiff, rather than a defendant, in this suit. In addition, the August 27, 2004 tolling agreement indicates that Mackinac was protecting its legal rights and evaluating its claims against Wipfli when Damon Trust filed the suit in state court. There is no question that Damon Trust filed the shareholder derivative suit against Wipfli while Mackinac was still evaluating its legal options. Nevertheless, Mackinac has demonstrated, in no uncertain terms, that it is not antagonistic to Damon Trust's claims against Wipfli and that it intends to vigorously proceed against Wipfli. As reconstituted, Mackinac is a corporation fully willing and able to pursue this action, and should be re-aligned as the preferred plaintiff. *See Lewis*, 503 F.2d at 447; *Mertens*, 744 F. Supp. at 923; *Ferko*, 216 F.R.D. at 394.

    Mackinac also seeks to have the court dismiss Damon Trust as a plaintiff. Clearly the pleadings in this matter establish that the claims against Wipfli belong to the corporation; Damon Trust has no independent claims. And, as a practical matter, there can be only one plaintiff directing the litigation against Wipfli. As the real party in interest, Mackinac is that plaintiff, and must have exclusive authority to prosecute its claims directly against Wipfli, control the pending litigation and reach any settlement with Wipfli on such terms as it deems appropriate. Nevertheless, this court does not agree with Mackinac's contention that Damon Trust should be entirely excluded from this litigation. Damon Trust initiated this suit and has an interest in its resolution. Mackinac's subsequent decision to adopt Damon Trust's claims against Wipfli is not a sufficient basis to dismiss the Trust as a plaintiff. *See Palmer v. Morris*, 341 F.2d 577, 578 (5th Cir. 1965) ("[t]here was no justification for eliminating [the shareholder], merely because the corporation belatedly sought to

join his action"). While Damon Trust will no longer have responsibility for prosecuting the claims against Wipfli, it will remain a nominal plaintiff entitled to receive service copies of all papers filed in this suit until further order of the court.

Accordingly, Mackinac's motion (docket no. 34) is **GRANTED** in part and **DENIED** in part. By this order, Mackinac is re-aligned as a plaintiff, and is henceforth exclusively responsible for prosecuting all further aspects of this matter, including any settlement. Damon Trust shall remain as a nominal plaintiff entitled to notice. The Clerk of the Court shall change the caption of this action to re-align Mackinac as the lead plaintiff.

**IT IS SO ORDERED.**

Dated: September 29, 2005                    /s/ Hugh W. Brenneman, Jr.
                                             Hugh W. Brenneman, Jr.
                                             United States Magistrate Judge